PARIENTE, J.,
concurring in result.
I agree with the majority that it would be inappropriate in this case for this Court to substitute a lengthy and complex amendment in lieu of a misleading ballot summary for placement on the ballot.[4] As the majority has explained, the Legislature voted to place only the summary on the ballot, and the Legislature does not contest that the summary it proposed was misleading.
Rather than a simple and straightforward amendment, the text of Amendment 9 is lengthy and complex. In this case, I would conclude that an explanation of its chief purpose and effect would be required. If the intent of the proposed amendment was to avoid federal mandates that have been placed into recently enacted federal laws regarding health care and health insurance, that purpose should be clearly and unambiguously set forth. Instead, the ballot summary claimed its purpose was to “ensure access to health care services without waiting lists, protect the doctor-patient relationship,” and “guard against mandates that don’t work.” I assume this latter phrase was a veiled reference to the Legislature’s view of recently passed federal health care legislation.
As stressed repeatedly by this Court, it is of paramount importance that the voters have fair notice of the purpose and effect of the proposed amendment before they cast a vote. For some proposed amendments, the purpose and effect of the proposed change may be readily apparent based on the full text of the proposed amendment itself. However, more lengthy and complex amendments will certainly require an explanatory statement to explain the impact of the amendment and the effect on existing constitutional provisions. See, e.g., Askew v. Firestone, 421 So.2d 151, 155 (Fla.1982) (striking a proposed legislative amendment from the ballot because although the ballot summary tracked the text of the proposed amendment, the summary failed to explain that the amendment was intended to replace an already existing constitutional provision that imposed an absolute two-year ban on lobbying by former legislators).
I concur in the result because I would not reach the issue in this case of whether the Legislature can, in a future case, fulfill its obligation to accurately explain the legal effect of a proposed amendment in clear and unambiguous terms by simply voting to place the entire amendment on the ballot without a summary or explanation. Majority op. at 649. In Sancho v. Smith, 830 So.2d 856 (Fla. 1st DCA 2002), *653 the Legislature placed on the ballot both a summary explaining in detail the effect of the amendment and the text of the amendment. While it is clear that the Legislature has exempted itself from the 75-word restriction, it is not clear that the Legislature is exempt from the requirement to provide an explanatory statement of the chief purpose of a proposed amendment.
In any event, in this case the summary provided by the Legislature was misleading. I agree that it would be impermissible for this Court to substitute the entire lengthy amendment in this case for submission to the voters.
For the above reasons, I concur in the result.

. I recognize that this Court did substitute the full amendment for the ballot summary in ACLU v. Hood, No. SC04-1671, 888 So.2d 621, an order entered on September 2, 2004. That proposed amendment provided for parental notification of a termination of a minor's pregnancy, and its intent was to nullify existing case law from the Florida Supreme Court that had interpreted the minor's right of privacy as precluding parental notification. We entered the order without citing to any precedential authority. As to whether we should follow that procedure in the future, including this case, I would point out that the amendment in ACLU v. Hood consisted of a one-paragraph section with three sentences. The ballot summary had tracked the amendment except that it omitted a reference that the amendment would impact the minor’s right of privacy already provided for in article I, section 23, of the Florida Constitution.